May Term,
1854.

NAVE
v.
CLARK.

Friday,
June 9.

---

NAVE *v.* CLARK.

APPEAL from the *Hendricks* Circuit Court.

*Per Curiam.*—Bill in chancery. It is alleged that one *William C. Cline*, on the 8th of *June*, 1850, obtained a judgment before *Meloge*, a justice of the peace, against one *James Dugan*, which was recovered for the use of *Clark*, the appellee, though not so entered on the justice's docket; that prior to the institution of the suit in which said judgment was rendered, *Clark* was indebted to *Dugan*,

by book account, in a sum nearly equal to the amount due from *Dugan* to *Cline* for *Clark's* use; that *Clark* repeatedly proposed to offset his claim so held by *Cline* for his use, against the book account; but *Dugan* refused, afterwards sued *Clark* on the account before one *Burk*, a justice of the peace, and on the said 8th of *June*, 1850, recovered a judgment; that both judgments were rendered on the same day, and on the day they were obtained both were assigned. The one in favor of *Cline* was assigned to *Clark*, and the one against *Clark* was assigned to *Nave*, the appellant; that after these assignments, *Clark* proposed to offset the one judgment against the other; but *Nave* refused, has caused an execution to be issued on the judgment against *Clark*, and placed the same in the hands of a constable; that *Nave*, prior to the assignment of *Dugan's* judgment, had notice of all the above-stated facts, and received that assignment for the purpose of defrauding *Clark*. The bill prays that the collection of the judgment assigned by *Dugan* to *Nave* be enjoined; and for general relief.

In vacation, the president judge of the Court granted an injunction, which, upon answer, exhibits and depositions, *Nave*, at the next succeeding term of the Court, moved to dissolve. This motion was overruled, and *Nave* appeals to this Court.

The answer alleges that *Nave* received the assignment of the judgment in payment of a debt due to him from *Dugan*, without any intention whatever of defrauding *Clark;* that the assignment to *Nave* was made prior to the assignment to *Clark;* and that *Dugan* was solvent and able to pay the judgment which *Clark* holds against him. The residue of the bill is not either directly admitted or denied.

The facts charged in the bill present a case clearly within the jurisdiction of a Court of Equity; and the decision of this cause must turn alone upon the evidence. We have looked into the depositions, and are decidedly of opinion that the answer, so far as it denies the allegations in the bill, is disproved, and that the evidence fully sustains the ruling of the Court below.

The decree is affirmed with costs.

*C. C. Nave*, for the appellant.

*J. S. Harvey* and *J. M. Gregg*, for the appellee.